(Court of Criminal Appeals of Texas. Dec. 6, 1916. Rehearing Denied Jan. 10, 1917.)

LARCENY ⚖=55—SUFFICIENCY OF EVIDENCE.

Evidence consisting of testimony of the victim, who was drunk, and with whom defendant had been, and of one who saw him putting his hands in the victim's pockets, *held* sufficient to sustain a conviction of larceny from the person.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 152, 164, 165, 167–169; Dec. Dig. ⚖=55.]

Appeal from Criminal District Court, Travis County; C. W. Robinson, Special Judge.

Marion Bell was convicted, and appeals. Affirmed.

T. B. Monroe, of Austin, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

DAVIDSON, Judge. Appellant was convicted of theft from the person, his punishment being assessed at two years' confinement in the penitentiary.

The evidence is not of a cogent nature, being a case of circumstantial evidence; yet we are not prepared to say the jury, under the circumstances, was unauthorized to render their verdict. The injured party was in a state of intoxication, and was not very clear in his testimony as to a part of the transaction, and during the latter part of the day seems to have been in such condition that he did not recollect things that actually occurred, but he did recollect that appellant was with him and moving about town and drinking with him, and he recollected the appellant knocking him over or pushing him over, but he did not seem to be clear as to whether appellant got his watch and money or not. There was a woman about 60 years of age who saw this transaction from a nearby residence, and recognized the defendant as the man who either knocked or pushed down the alleged injured party, and saw him put his left hand in the left-hand vest pocket and his right hand in the right-hand vest pocket of the injured party. She saw him take something from the pocket, but did not recognize what it was. The watch taken was in the left-hand pocket and the money was in the right-hand pocket. The watch and money were both gone when the injured party was

arrested and carried to the calaboose for being intoxicated. Later on appellant left the injured party, and was arrested about an hour later in a different part of the city. He, too, was sharply intoxicated. This is the substance of the state's case. Appellant was never seen with the watch, but the officer who arrested him said he had $4 or $5 in silver, but the books at the police station only showed he had 70 cents. A stranger pawned the watch within the hour at Mr. Jackson's jewelry establishment. The watch was found there, and Mr. Jackson testified a stranger brought it there, that he had known appellant for a year, and that appellant was not the man who pawned the watch, appellant himself denying having taken the property. This is practically the defendant's case. We are of opinion that the testimony of the injured party, in connection with the testimony of the lady who saw the transaction, was sufficient to authorize the jury to render their verdict.

The judgment is affirmed.

HARPER, J., absent.

---

MARTINEZ v. STATE. (No. 4315.)

(Court of Criminal Appeals of Texas. Dec. 20, 1916.)

CRIMINAL LAW ⚖=1090(1)—APPEAL—RECORD.

Where there is neither a statement of facts nor bills of exceptions, there is nothing to review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2805–2807, 3204; Dec. Dig. ⚖=1090(1).]

Appeal from District Court, Kleberg County; W. B. Hopkins, Judge.

Vicenta Martinez was convicted of violating the law prohibiting the sale of intoxicating liquors in prohibition territory, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. This is an appeal from a conviction for violating the law prohibiting the sale of intoxicating liquor in prohibition territory, a felony. But there is neither a statement of facts nor bills of exceptions, and hence nothing to review.

The judgment is affirmed.